FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

OCT 2 7 2010

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No.: **2:10-CV-0219** |
| | ) |
| HAROLD C. GOUDELOCK and JOI | ) |
| L. EDWARDS | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

The United States of America, by and through its undersigned counsel complains and alleges as follows:

1.      This action is brought by the United States to reduce to judgment unpaid federal income tax liabilities assessed against defendant-taxpayer Harold C. Goudelock, and to foreclose federal tax liens against certain real property.

### *Jurisdiction*

2.      This civil action is commenced pursuant to Sections 7401 and 7403 of the Internal Revenue Code (26 U.S.C.) at the direction of the Attorney General of the United States and with the authorization and at the request of Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4.      Venue properly lies in this district where the property at issue is located, where

Goudelock resides, and where the liability for the taxes described in this complaint accrued.  28

U.S.C. §§ 1391(b)(2) and 1396.

*Parties*

5.      Defendant Goudelock resides in Atlanta, Georgia, within the jurisdiction of this

court.  Goudelock enjoys a beneficial ownership interest in the property located at 3329

Turtleback Road, Gainesville, Georgia 30506 (the "Subject Property"), against which the United

States seeks to foreclose its federal tax liens

6.      Defendant Joi L. Edwards is named as a defendant pursuant to 26 U.S.C. §

7403(b) because she may claim an interest in the Subject Property by virtue of a warranty deed

recorded in the public records of Hall County on November 22, 2006.

*Count I – Reduce Tax Assessments to a Judgment*

7.      Goudelock failed to file timely income tax returns for tax years 2001, 2002, 2003,

and 2004.  In the absence of these returns, pursuant to the substitute for return procedures under

26 U.S.C. 6020(b), a delegate of the Secretary of the Treasury assessed income tax, interest, and

penalties against Goudelock on the dates and in the amounts listed below:

| Tax Year | Assessment Date | Tax | Interest | Penalty |
| --- | --- | --- | --- | --- |
| 2001 | September 13, 2004 | $46,954.00 | $2,938.37 | $4,203.90* |
| | | | | $2,709.18** |
| | | | | $615.05*** |
| | October 9, 2006 | | | $1,961.82** |
| 2002 | June 11, 2007 | $6,419.00 | $1,057.60 | $688.05* |
| | | | | $764.50** |
| 2003 | June 11, 2007 | $11,430.00 | $521.94 | $424.57* |

| | | | | $358.53** |
|---|---|---|---|---|
| 2004 | August 13, 2007 | $5,655.00 | $921.29 | $915.52* |
| | | | | $569.66** |
| | | | | $111.54*** |

*Late filing penalty
**Late payment penalty
***Penalty for not pre-paying tax

       8.     After having federal income tax assessed against him for 2001, 2002, 2003, and

2004 , Goudelock then filed federal income tax returns for these years, which resulted in

adjustments to the tax assessments, most of them minor, as described below:

| Tax Year | Assessment Date | Tax | Interest | Penalty |
|---|---|---|---|---|
| 2001 | July 27, 2009 | ($298.00) | | ($67.05)* |
| | | | | ($74.50)** |
| | | | | ($615.05)*** |
| 2002 | July 27, 2009 | $5.00 | | $1.12* |
| | | | | $1.25** |
| 2003 | July 27, 2009 | ($1.00) | | ($0.22)* |
| 2004 | July 27, 2009 | $1.00 | | $0.23* |
| | | | | $447.84** |
| | | | | $0.04*** |

*Late filing penalty
**Late payment penalty
***Penalty for not pre-paying tax
() denotes an abatement

       9.     Notices of assessment were issued and demands for payment of the federal

income tax liabilities described above in paragraphs 7 and 8 were made on Goudelock.

-3-

10.     Despite the notices of assessment and demands for payment, Goudelock has failed to satisfy the assessments described above in paragraphs 7 and 8, and is indebted to the United States in the amount of $57,015.50 as of October 23, 2010 for federal income tax liabilities for the tax years 2001, 2002, 2003, and 2004.  Goudelock also owes the United States interest and penalties that continue to accrue until the date of payment.

### Count II – Foreclosure of Liens

11.     The United States restates the allegations set forth in paragraphs 1 through 10, above.

12.     Liens arose in favor of the United States of America against all property and rights to property, whether real or personal, belonging to Goudelock on the dates of the assessments described above in paragraphs 7 and 8, or thereafter acquired.  26 U.S.C. § 6321, 6322.

13.     On January 7, 2009, the United States filed Notices of Federal Tax Lien against Goudelock at the Hall County Courthouse for these unpaid income tax liabilities.

14.     The Subject Property against which the United States seeks to foreclose its liens is located at 3329 Turtleback, Road, Gainesville, Georgia 30506, and is more fully described as:

> All that tract or parcel of land lying and being in land lot 12 of the 10th District, Hall County, Georgia, and being lot 37, Fox Hollow subdivision, as per plat of survey prepared for Melvin and Seena Gillman by Henry Grady Jarrard, registered land surveyor, dated August 22, 1997, recorded in plat book 636, Page 193A, of the public records of Hall County, Georgia, which plat is hereby referred to and made a part hereof by reference.

15.     On or about May 5, 2004, Goudelock acquired his interest the Subject Property by virtue of a warranty deed.  Goudelock recorded the deed on May 5, 2004 in the public records of Hall County.

-4-

16.     By warranty deed dated November 22, 2006, Goudelock purported to transfer his interest in the Subject Property to his daughter, defendant Joi Edwards.  The warranty deed was recorded in the public records of Hall County on November 22, 2006.

17.     Since the federal tax liens for the 2001 tax assessment attached prior to the purported transfer described above, these tax liens were undisturbed by the transfer and continue to attach to the property.

*Fraudulent Conveyance and Nominee*

18.     With regard to Goudelock's tax liabilities for tax years 2002, 2003, and 2004, the transfer described in the previous paragraph should be set aside as a fraudulent transfer under Ga. Code. Ann. § 18-2-74 because Goudelock made the transfer with the actual intent to hinder and defraud the United States, his creditor.  Facts that support a finding of Goudelock's actual intent to hinder or defraud include, but are not limited to: (1) the transfer was to his daughter, Joi Edwards; (2) Goudelock continued to reside at the Subject Property after the transfer until December of 2008; (3) the transfer consisted of substantially all Goudelock's property because, upon information and belief, he had no other assets titled in his name at the time of the transfer; (4) Goudelock received no consideration for the transfer; (5) the transfer occurred after Goudelock's tax returns for 2002-2004, which reported a tax underpayment, were due; (6) Edwards was unaware that Goudelock transferred the Subject Property to her; (7) Goudelock was aware of his outstanding tax liabilities at the time of the transfer because the IRS had previously contacted him regarding his unpaid taxes and, in 2005, began levying his Social Security benefits.

19.     In the alternative, the transfer described in paragraph 16 should also be set aside

as a fraudulent transfer under Ga. Code. Ann. § 18-2-75 because Goudelock did not receive

reasonably equivalent value for the transfer and he became insolvent as a result of the transfer, or

he believed, or reasonably should have believed, that he would incur debts beyond his ability to

pay as they became due.

20.     Once Goudelock made the transfer, he had no assets titled in his name to satisfy

his outstanding income tax liabilities and he owed taxes for 2001-2004.

21.     As an alternative to the fraudulent conveyance allegations contained in paragraphs

18 through 20, Joi Edwards holds title to the Subject Property as a mere nominee of Goudelock.

Facts that support a finding that Edwards is a nominee of Goudelock include, but are not limited

to: (1) Edwards is Goudelock's daughter, (2) she paid no consideration for the transfer; (3) she

was not even aware of the transfer when the IRS inquired about it; (4) Goudelock exercises

control over the Subject Property and continues to enjoy the benefits thereto, including formerly

residing there and now permitting his nephew to reside at the property; and (5) Goudelock pays

the utility bills.

22.     On September 29, 2009, the United States filed a lien against Joi Edwards as the

nominee of Goudelock in the public records of Hall County.

WHEREFORE, the plaintiff United States of America prays that the Court:

A.      Enter judgment in favor of the United States and against Goudelock in the total

amount of $57,015.50 as of October 23, 2010, plus fees, interest, and all statutory additions

thereafter as provided by law, for his federal income tax liabilities for the years 2001, 2002,

2003, and 2004;

B.      Order, decree, and declare that Goudelock is the true and equitable owner of the

Subject Property, and that his purported transfer of the Subject Property to Joi Edwards be

adjudged null and void, or set aside as a fraudulent conveyance;

      C.      Order, decree, and declare that the United States has valid and subsisting tax liens

on all property and rights to property owned on or acquired by Goudelock after the dates of the

assessments described above in paragraphs 7 and 8, including his interest in the Subject Property;

      D.      Order, decree, and declare that the federal tax liens attaching to Goudelock 's

interest in the Subject Property be foreclosed;

      E.      Order, decree, and declare that the Subject Property be sold free and clear of the

liens and claims of the parties herein, and that the proceeds from the sale be distributed after

reimbursement of the costs of the sale in accordance with the Court's determination as to the

priority of the liens and claims of the parties herein;

      F.      Order that the United States recover its costs in bringing this action; and

      G.      Award the United States such further relief that the Court deems just and proper.

      JOHN A. DICICCO
      Acting Assistant Attorney General

      STEPHEN C. DOWDELL
      Trial Attorney, Tax Division
      U.S. Department of Justice
      Post Office Box 14198
      Ben Franklin Station
      Washington, D.C.  20044
      Telephone: (202) 353-9175
      Facsimile: (202) 514-4963
      stephen.c.dowdell@usdoj.gov

Of Counsel:      SALLY QUILLIAN YATES

      United States Attorney
      Northern District of Georgia